IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN M. HARDIMON (BOP # 08851-025), | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | Case No. 13-cv-0775-MJR |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

ORDER ON MOTION TO RECONSIDER

REAGAN, District Judge:

The undersigned District Judge sentenced John Hardimon to 70 months in prison, following a guilty plea on charges of health care fraud and money laundering. The United States Court of Appeals for the Seventh Circuit affirmed the judgment, rejecting Hardimon's arguments challenging the validity of his guilty plea. Hardimon then moved to vacate, set aside, or correct his sentence under 28 U.S.C. 2255.

Section 2255 allows a federal prisoner to attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to sentence him, or that the sentence exceeded the maximum allowed by law. Hardimon asserts that his sentence was imposed in violation of the Sixth Amendment to the United States Constitution, because he was denied the effective assistance of counsel (primarily in plea negotiations, the entry of the guilty plea, and the unsuccessful effort to withdraw the guilty plea).

The Court set a briefing schedule on the § 2255 petition. In several Orders entered between August 2, 2013 and October 3, 2013, the Court extended the briefing deadlines and ruled on other motions filed by Petitioner Hardimon (e.g., denying bail pending a decision on the petition, denying at this time a motion for appointment of counsel, permitting Hardimon to supplement the record).

1

Now before the Court is Hardimon's motion asking the Court to reconsider its prior denial(s) of Hardimon's request to order the prosecutor and former defense counsel to answer interrogatories regarding conversations and meetings between the prosecution and defense attorneys in 2010 and 2011.  The Court earlier explained that Section 2255 proceedings do not entitle petitioners to discovery as a matter of course; instead, "for good cause shown" the Court may allow a petitioner to conduct discovery.  If "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate" his entitlement to habeas relief, then the court should permit the discovery needed for an adequate inquiry.  *Bracy v. Gramley,* **520 U.S. 899, 900-909 (1997),** *quoting Harris v. Nelson,* **394 U.S. 286, 300 (1969).** The Seventh Circuit Court of Appeals has explained that to satisfy the requirements of Rule 6 (permitting discovery in federal habeas proceedings), the petitioner must: (1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) show "good cause" for the discovery.  *Hubanks v. Frank,* **392 F.3d 926, 933 (7th Cir. 2004),** *cert. denied,* **544 U.S. 1025 (2005).**

The Court previously found that Petitioner Hardimon had not satisfied this standard and had not shown how the questions he presents would help him advance his grounds for Section 2255 relief (see Doc. 12, p. 4; Doc. 17).  In his motion to reconsider, Hardimon argues that the Court should require answers to the interrogatories he wishes to propound, because the answers "will show what the WELBY LAW FIRM, Drey Cooley and the US Government uphold in the 6th Amendment, the right to effective counsel" (Doc. 18, p. 2).  The meaning of this sentence is unclear to the Court.

The best the Court can decipher from the entirety of the prior motions for discovery and the current motion to reconsider, Hardimon maintains that his attorneys misled him about actions they took and conversations they had, and they dropped the ball in communicating with him or securing

potential witnesses for the defense.   Hardimon wants the Government to verify that certain conversations with defense counsel "actually took place" (Doc. 16, p. 1; Doc. 18, p. 2). He hopes to take those answers, compare them to a letter sent to him by his former retained counsel, Stephen Welby, and perhaps find a contradiction that would support an ineffective assistance claim.   This   is simply speculation on Hardimon's part.

And the letter hurts rather than helps Hardimon's ineffective assistance argument.  The letter was provided, with a more recent cover letter, as an exhibit to Hardimon's 2255 petition (Doc. 1, pp. 21-25).  It originally was sent on March 3, 2011 but was reprinted for Hardimon on June 11, 2013 (and thus is referred to in the briefs as the "June 11, 2013" letter).  In the letter, Welby thoroughly delineates the steps he has taken on Hardimon's behalf, carefully lists the reasons Welby believes it unwise to pursue a course of action Hardimon was urging (relating to withdrawal of his guilty plea and testifying at an imminent court hearing), and lays out the reasons Welby thinks it risky for Hardimon to give testimony (for instance, the evidence did not support Hardimon's expected testimony, the prosecution could seek an obstruction of justice enhancement if false testimony was given under oath at the hearing, and the Court might make an adverse credibility determination, etc.).   The letter shows attention to detail, responsiveness to client needs, in-depth in-person attorney-client consultation, sound defense strategy, and solid representation.

The letter already is before the Court, part of the record (Doc. 1, pp. 22-25).   Hardimon has not shown any basis whatsoever for believing the statements in the letter to be a lie or any reason that propounding further discovery about the contents of the letter will show Welby's representation to have been constitutionally sub-par.  Hardimon has not satisfied the test articulated in *Hubanks* for obtaining discovery in a habeas proceeding (i.e., a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) good cause for the discovery).

The Court **DENIES** Hardimon's motion to reconsider (Doc. 18).

The Court has quickly ruled on each motion Hardimon has filed during the pendency of this proceeding.  The Court has allowed supplementation of the record by Hardimon (the filing of materials in addition to the 61-page initial petition/supporting documents).  The Court is permitting Hardimon to file a reply brief, has doubled the page-limit on that reply brief, and has extended the deadline for filing the reply brief.  The time has come for Hardimon to **file** the reply brief.  **It remains due November 1, 2013** and shall be a maximum of ten pages in length.  As noted in the October 3, 2013 Order at Doc. 17, if Government counsel elects to respond to Hardimon's arguments regarding the conversations with defense counsel, the plea negotiations, etc., a short supplemental brief may be filed by Respondent on or before November 1, 2013.

IT IS SO ORDERED.

DATED October 18, 2013.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge