IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN M. HARDIMON<br>(BOP # 08851-025),<br><br>     Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | )<br>)<br>)<br>)<br>)<br>)  Case No. 13-cv-0775-MJR<br>)<br>)<br>)<br>)<br>) |

ORDER DENYING POST-JUDGMENT, POST-APPEAL MOTIONS

REAGAN, Chief Judge:

In July 2013, John Hardimon filed a petition to vacate, set aside, or correct his sentence (imposed in Criminal Case No. 10-30170-MJR), pursuant to 28 U.S.C. 2255. In November 2013, the undersigned denied the requested relief, dismissed Hardimon's petition, and declined to issue a certificate of appealability. Judgment was entered accordingly on November 22, 2013.

Hardimon filed a slew of motions prior to and following the November 2013 dismissal of his § 2255 petition. He filed over a dozen motions *after* the Court denied relief under § 2255, including motions to amend his petition, supplement his petition, issue subpoenas, add exhibits to his petition, reconsider the dismissal of his petition, for relief under Federal Rule of Civil Procedure 60, and to reconsider the denial of his Rule 60 motion. Some of those motions advanced the claim that a fraud had been perpetrated against the Court, a claim for which the record was utterly devoid of evidence.

Hardimon also filed an appeal. The United States Court of Appeals for the Seventh Circuit allowed Hardimon to amend his petition and file an affidavit, and after reviewing all exhibits/materials presented by Hardimon, rejected his claim. "This court has reviewed the final order of the district court and the record on appeal. We find no substantial showing of the denial of a constitutional right." Doc. 67-2. Simply put, the Court of Appeals affirmed this Court's denial of § 2255 relief.

Now, more than a year after judgment was entered herein, Hardimon has filed two additional motions. One (Doc. 68) again seeks to advance the theory that Hardimon is entitled to relief in the nature of reconsideration of the § 2255 denial, because court officers (the prosecutors involved in Hardimon's criminal case) perpetrated a "fraud upon the court." The second motion (Doc. 69) asks the Court to grant a "Motion of Abeyance" of this proceeding, so that "Hardimon can resolve these issues in the US District Court for the District of Columbia" (*id.,* p. 1, [sic]).

The Court **DENIES** both motions (Docs, 68, 69). This case is long closed, all issues have been resolved, nothing remains pending herein, and the time for motion-filing elapsed many months ago. Assuming the Court has subject matter jurisdiction to consider Hardimon's motions, the first motion (Doc. 68) rehashes issues already roundly rejected by the Court, and the second motion (Doc. 69) suggests there is a proceeding in this Court to "abey" or stay. Hardimon's criminal case and civil case are over; he had more than ample opportunities to present motions and litigate claims. That was unavailing in this Court and the Court of Appeals. Docs. 68 and 69 are **DENIED**. Similar motions by Hardimon will be summarily denied or stricken.

After this Order was drafted but before it was docketed, Hardimon filed yet another motion – a December 1, 2014 motion for leave to proceed in forma pauperis (Doc. 70).  For the same reasons articulated above (including, inter alia, that Hardimon's criminal and civil actions are closed, no issues remain pending, no proceeding exists to file motions or seek relief *in* at this point, and the Court has already rejected Hardimon's "fraud on the court" claim), the Court **DENIES** Hardimon's motion for leave to proceed IFP (Doc. 70).

IT IS SO ORDERED.

DATED December 1, 2014.

s/*Michael J. Reagan*
Michael J. Reagan
United States District Judge